Robert M. Carlson
Daniel L. Snedigar
CORETTE POHLMAN & KEBE
129 West Park Street, Suite 301
P.O. Box 509
Butte, MT  59703-0509
   PH:  (406) 782-5800
  FAX:  (406) 723-8919
Email:  bcarlson@cpklawmt.com
        Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| **INTERSTATE MECHANICAL, INC.,** an Oregon corporation, | * * * | |
| Petitioner, | * * | **No. CV-_____** |
| v. | * * * | **PETITION FOR ORDER COMPELLING ARBITRATION** |
| **GLACIER CONSTRUCTION PARTNERS, LLC,** a Montana Limited Liability Company, | * * * * | |
| Respondent. | * * | |

_____

COMES NOW petitioner Interstate Mechanical, Inc. (IMI), and pursuant to the provisions of 9 U.S.C. § 4 petitions this court for an order to compel respondent Glacier Construction Partners, LLC (Glacier), to arbitrate under a written agreement.  Further, IMI petitions this court to stay

the proceedings begun in the Montana Eleventh Judicial District Court, Flathead County. In support of this petition, IMI alleges as follows:

1. Abbey/Land, LLC is a Montana limited liability company that owns real property in Lake County, Montana.

2. Glacier Construction Partners, LLC is a Montana limited liability company that conducts business in Lake County, Montana.

3. Interstate Mechanical, Inc. is an Oregon corporation which performed work under contract in Lake County, Montana.

**JURISDICTION**

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. The parties are citizens of different states satisfying 28 U.S.C. § 1332(a)(1).

6. The matter in controversy exceeds the sum of $75,000 satisfying 28 U.S.C. § 1332(a).

7. Title 9 U.S.C. § 4 provides that:

"A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

## GENERAL ALLEGATIONS

8.  Abbey/Land is the owner of real property purchased in 2000. Construction on this property began in 2001.

9.  Glacier is the general contractor on this project and entered into a contract with Abbey/Land on or about May 1, 2006.

10. IMI entered into a subcontract with Glacier Construction on or about June 22, 2006, to install plumbing and mechanical systems. Provision 3.4 of this subcontract provides in pertinent part that:

    Any controversy or claim arising out of or relating to this Agreement, or the breach hereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules (the "AAA Rules"). (A copy of the Subcontract is attached as Exhibit 1 to the Affidavit of Steve Tygart – Exhibit A to this Petition).

11. In 2009, IMI attempted to resolve informally various issues related to amounts that it is owed on this project. When GCP failed to negotiate in good faith on these issues, IMI on July 17, 2009, invoked the arbitration provision under the contract to seek payment for amounts due it for work on this project. (Tygart Affidavit, Par. 8)

12. The issues raised in the arbitration are for work covered by the contract which totaled over $825,000 and include the following:

     a. Work completed;
     b. General conditions;
     c. Miscellaneous
(Tygart Affidavit, Par. 9)

13. GCP filed an Answering Statement and Counterclaims in the Arbitration proceeding on August 10, 2009. (Tygart Affidavit, Par. 10)

14. Pre-arbitration proceedings moved forward and an arbitrator was selected. (Tygart Affidavit, par. 11)

15. A preliminary hearing was scheduled with the arbitrator and counsel on September 24, 2009. (Tygart Affidavit, par. 12)

16. On or about September 23, 2009, on the eve of the preliminary hearing, GCP and Abbey/Land LLC filed a civil action in the Montana Eleventh Judicial District Court, Flathead County, which was assigned the docket number DV-09-1198A. (Tygart Affidavit, par. 13). Despite the explicit language of the above subcontract provision Abbey/Land and Glacier have since rebuffed IMI's efforts to arbitrate their disagreement.

17. Based on the record on file in the Flathead County Clerk of Court's Office, as of this date, no return of service has been filed indicating any other defendants have been served with the Summons and Complaint in the above referenced state court action. (Tygart Affidavit, par. 14)

18. The primary focus of the above lawsuit apparently relates to a water treatment system which was installed at the direction of GCP as a change order to the June 22, 2006, contract. The change order was issued by GCP to IMI in May 2007 for the installation of the water treatment system. GCP and Abbey/Land claim there was a breach of contract in the installation of the water treatment system and as a result this has caused them to suffer consequential damages which under the contract cannot be awarded in arbitration. IMI denies it breached the subcontract related to the water treatment system or any other portion of the subcontract or the many change orders issued by IMI. (Tygart Affidavit, par. 15)

19. The subcontract at issue was prepared and proffered to IMI by GCP. GCP made the decision require disputes be resolved by arbitration and to limit the damages awardable in arbitration. IMI submits that the issues related to the change order on the water treatment system as well as all other issues related to the subcontract should be resolved in arbitration. (Tygart Affidavit, par. 16)

20. On October 2, 2009, the state district court entered a Temporary Restraining Order and Order to Show Cause. (Tygart Affidavit, par. 17)

21. A hearing was held on the TRO on October 20, 2009, and the court continued the TRO until a determination could be made on whether or not the matter should proceed to arbitration. All other proceedings in the state court action were stayed pending the district court's decision. (Tygart Affidavit, par. 18)

22. Briefs were fully submitted to the court on or about December 10, 2009. No decision has been rendered to date by the state district court. (Tygart Affidavit, par. 19)

23. On November 24, 2009, GCP issued a suspension of work letter to IMI precluding it from completing its work on the Project. (Tygart Affidavit, Par. 20)

24. On March 18, 2010, GCP sent a letter to IMI for the ostensible purpose of terminating the subcontract with IMI. (Tygart Affidavit, Par. 21)

**THEREFORE**, petitioner IMI prays this court:

1. Schedule a hearing no sooner than five (5) days after service of this petition on respondent pursuant to 9 U.S.C. § 4, in order to satisfy itself that the making of the arbitration and the failure to comply therewith are not at issue;

2. Uphold the validity of the arbitration agreement contained in Provision 3.4 of the subcontract between Glacier and IMI;

3. Issue an order to compel arbitration between Glacier and IMI pursuant to 9 U.S.C. § 4;

4. Issue an order to stay state court action DV-09-1198A filed in the Montana Eleventh District Court, Flathead County, pending arbitration.

DATED this 15th day of April, 2010.

/s/ Robert M. Carlson
Corette Pohlman & Kebe
Counsel for Petitioner