

**FILED**

**MAY 1 2 2010**

· PATRICK E. DUFFY, CLERK

By_____
    DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | | |
|---|---|---|
| INTERSTATE MECHANICAL, INC., | ) | CV 10-36-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| GLACIER CONSTRUCTION PARTNERS | ) | |
| LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### I. Introduction

Pursuant to 9 U.S.C. § 4, Petitioner Interstate Mechanical, Inc. ("Interstate")

filed a petition to compel Respondent Glacier Construction Partners, LLC

("Glacier") to arbitrate under a written agreement between the parties. Glacier

appeared in the case on May 7, 2010 and opposed the petition. It also moved to

dismiss the petition for lack of subject matter jurisdiction or alternatively requests

that the Court abstain from exercising its jurisdiction over the petition.  For the

reasons stated below the motion to dismiss or abstain is denied and arbitration is

compelled.

## II.  Factual and Procedural Background

Glacier is a construction company that was the general contractor for a

construction project in Lake County, Montana.  Petition, ¶ 9.  In June 2006,

Interstate entered a subcontractor agreement ("Agreement") with Glacier to install

plumbing and mechanical systems.  Id. at 10.  The Agreement provides that "[a]ny

controversy or claim arising out of or relating to this Subcontract, or the breach

thereof, shall be settled by arbitration administered by the American Arbitration

Association in accordance with its Construction Industry Arbitration Rules."

Agreement §3.4 at 5 (dkt #1-1).  It also states that an arbitrator "shall not award

consequential damages in any arbitration."  Id. at 6.

In July 2009, Interstate asserts it invoked the arbitration provisions of the

Agreement, and a preliminary arbitration hearing was subsequently set for

September 24, 2009.  Petition, ¶¶ 11, 15.  On September 23, 2009, Glacier filed a

civil action in Montana district court in Flathead County.  Id. at ¶ 16.  The state

lawsuit relates to the installation of a water treatment system by Interstate at

2

Glacier's direction. Id. at ¶ 18. Glacier claims it is entitled to receive

consequential damages as a result of Interstate's alleged breaches when installing

the system. Id.

On October 2, 2009, the state district court entered a temporary restraining

order preventing arbitration from going forward, and on October 20, 2009, the

district court held a hearing on the matter. The temporary restraining order was

continued and all proceedings in the case stayed until the state court determined

whether the case should be arbitrated. The parties submitted briefs on the issue by

December 10, 2009, and the district court has not yet issued a decision. Id. at 20-

22. Interstate filed this petition in federal court on April 15, 2010.

### III. Analysis

**A.     Glacier's motion to dismiss is denied.**

Glacier moves to dismiss the petition, arguing that the Court lacks

jurisdiction under the Rooker-Feldman doctrine and that the Court is precluded

from acting by the Anti-Injunction Act.[1] Glacier misapprehends the nature of this

---

[1] Glacier also argues the Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). Absent "extraordinary circumstances," Younger directs federal courts "to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings" that "(1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." Hirsch v. Justices of Sup. Ct. of the State of Calif., 67 F.3d 708, 712 (9th Cir. 1995). Glacier fails to address the relevant factors set forth in Moses H. Cone, as discussed below.

petition to compel. It argues that Interstate is seeking appellate review or attempting to overturn the state court's decision. However, there is no final decision by the state court, and Interstate is simply exercising its rights to petition for arbitration, as set forth in 9 U.S.C. § 4.

     1.    Rooker-Feldman

Under the Rooker-Feldman doctrine, federal courts do not have jurisdiction to exercise appellate review of state court proceedings. Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482 (emphasis added). For example, the Fifth Circuit concluded the Rooker-Feldman doctrine precluded a federal court from exercising jurisdiction over a petition to compel arbitration where a state court had previously entered a final judgment on whether the parties were required to submit a dispute to arbitration. MAPP Construction, LLC v. M&R Drywall, Inc., 294 Fed. Appx. 89, 2008 WL 4344953 (5th Cir. Sept. 24, 2008).

Glacier argues that here, like MAPP, Interstate is requesting this court to review and overturn a decision of the state court. Glacier insists that, because the state court stayed the state case and any arbitration proceedings until rendering a

4

decision on whether the dispute must be arbitrated, any decision by this Court

"would effectively reverse or void the state judgment." Resp. Br. at 11. Interstate

argues that the pendency of a state court action is not enough to invoke Rooker-

Feldman and there has been no final judgment in the state court on the issue of

arbitrability. Pet. Reply at 11 (citing Exxon-Mobil Corp. v. Saudi Basic Indus.

Corp., 544 U.S. 280, 292 (2005)).

Interstate is correct. Rooker-Feldman precludes only federal review of

"final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at

482. All that has occurred in the state court proceeding here is that the state court

has maintained the status quo and refused to allow arbitration to go forward until it

renders a decision on whether the dispute must be arbitrated. While Glacier

argues the reasoning in MAPP should apply here, it also acknowledges that the

case differs because the state court has not yet ruled on the issue of arbitrability.

Although Glacier attempts to downplay this distinction, it is the determinative fact

here. Because this case differs from MAPP, Rooker-Feldman does not prevent the

Court from exercising jurisdiction.

2.    Anti-Injunction Act

Glacier next argues that even if the Rooker-Feldman doctrine does not

prevent the Court from exercising jurisdiction, the Anti-Injunction Act, 28 U.S.C.

§ 2283, ("the Act") precludes the Court from granting Interstate's petition. The
Act provides that, "A court of the United States may not grant an injunction to stay
proceedings in a State court except as expressly authorized by Act of Congress, or
where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
Id. Glacier argues granting the petition to compel arbitration would violate the
Act because there is currently an injunction in force in state court and none of the
exceptions to the statute apply.

Judge Lovell previously addressed this issue and the Act in the context of a
petition to compel arbitration. Where a state court proceeding was pending on the
issue of arbitration and a petition to compel was then filed in federal court, Judge
Lovell granted the petition. Snap-On Tools Corp. v. Vetter, 838 F. Supp 468, 471
(Mont. 1993). He concluded the Anti-Injunction Act did not preclude the federal
court from enjoining the state proceedings because the Court had determined the
petition to compel arbitration was valid. Id. at 471. Therefore, a stay of the state
proceedings was necessary "to protect or effectuate [the] judgments" of the federal
court." Id. (quoting 28 U.S.C. § 2283).

The Anti-Injunction Act does not keep this Court from rendering a decision
on Interstate's petition to compel arbitration. The reasoning set forth in Snap-On
Tools Corp. is adopted. Because the dispute between the parties must be

submitted to arbitration, as discussed below, it follows that the law allows me to enjoin other proceedings on the issue of arbitrability "to protect or effectuate [its] judgment[]." 28 U.S.C. § 2283. Glacier fails to account for the absence of a final state court judgment . Nor has the state court decided whether the dispute must be submitted to arbitration. What the state court has done is to maintain the status quo while it considers the matter. The federal court may exercise its power under 9 U.S.C. § 4 to compel arbitration and prevent the parties from proceeding in state court under these circumstances.

**B.     Pursuant to 9 U.S.C. § 4, the Court compels the parties to submit their dispute to arbitration.**

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The statue focuses a federal court's attention on two issues: "(1) the making of an agreement to arbitrate, and (2) the failure, neglect or refusal of the other party to perform that agreement." Reconstruction Finance Corp. v. Harrisons & Crosfield, 204 F.2d 366, 368 (2d

Cir. 1953).

In certain circumstances, a federal court may compel arbitration under 9

U.S.C. § 4 even when there is an on-going state case addressing the same issue.

Moses H. Cone Memorial Hospital v. Mercury Construction Co., 460 U.S. 1

(1983). In Moses H. Cone, the parties were engaged in state court litigation as to

whether they were required to submit to arbitration under a construction contract.

After the state court case was in process, one of the parties asked the federal court

to compel arbitration under 9 U.S.C. § 4. The federal court stayed the federal suit

pending resolution of the state matter. Id. at 7. In reviewing similar situations

where federal courts may exercise jurisdiction while there is a pending state case,

the Court noted that "'the pendency of an action in the state court is no bar to

proceedings concerning the same matter in the Federal court having jurisdiction,'

and that the federal courts have a 'virtually unflagging obligation . . . to exercise

the jurisdiction given them.'" Id. at 15 (quoting Colorado River Water

Conservation District v. U.S., 424 U.S. 800, 817 (1976)). Courts should consider

various factors in deciding whether to exercise jurisdiction in such a case: "The

court first assuming jurisdiction over property may exercise that jurisdiction to the

exclusion of other courts, [and] a federal court may also consider such factors as

the inconvenience of the federal forum; the desirability of avoiding piecemeal

8

litigation; and the order in which jurisdiction was obtained by the concurrent forums." Moses H. Cone, 460 U.S. at 15 (quoting Colorado River, 424 U.S. at 818-19)). The Supreme Court concluded the federal district court erred in staying the case. There was no property at issue over which the state had already assumed jurisdiction and the federal forum was no less convenient. Id. at 19. There would be no piecemeal litigation because the outcome of whether the case would be arbitrated or not depended on the parties' agreement – i.e., whether the dispute was arbitrable would determine if it would be in court at all. Id. at 20. Finally, the Supreme Court concluded that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," and because the federal suit proceeded more quickly, that weighed in favor of federal jurisdiction. Id. at 21. See also Snap-On Tools Corp., 838 F. Supp 468 (granting petition to compel arbitration under 9 U.S.C. § 4 despite previously filed state matter); NCR Corp v. Hayes Children Leasing Co., 61 F.3d 911 (9th Cir. 1995) (unpublished) (holding that district court erred in declining to exercise jurisdiction in a petition to compel arbitration, after considering the Moses H. Cone factors).

As required by 9 U.S.C. § 4, the Petition alleges the Court would have subject matter jurisdiction over this case, but for the arbitration clause, on the basis

of diversity.  Petition, ¶¶ 4-6.  It also alleges the sub-contractor agreement between

the parties required arbitration for "[a]ny controversy of claim arising out of or

relating to this Subcontract, or the breach thereof," and the controversy arises from

"various issues related to amounts [Interstate] is owed."  Agreement § 3.4 at 5 (dkt

#1-1); Petition, ¶ 11.  Therefore, Interstate claims that 9 U.S.C. § 4 directs that the

Court must compel Glacier to submit to arbitration

Glacier objects to the petition to compel arbitration.  It argues the matters in

dispute are not within the scope of the arbitration agreement because an

examination of the whole provision reveals that the parties did not intend to

arbitrate claims where consequential damages are at issue.  See Agreement at 6

(dkt #1-1).  Glacier maintains consequential damages are recoverable under

Montana law and its claims here involve consequential damages, and, therefore,

the dispute is not subject to arbitration.

The Moses H. Cone factors support exercising jurisdiction in this Court

under 9 U.S.C. § 4.  As in Moses H. Cone, there is no property at issue over which

the state has already assumed jurisdiction and no suggestion the federal forum is

less convenient.  Indeed the arbitration is to be in Missoula by agreement.  Ruling

on Interstate's petition will not increase the danger of piecemeal litigation,

although, as the parties noted, other litigation regarding the construction project is

likely to continue among other parties. However, that litigation will go on regardless of the decision here. Finally, as in Moses H. Cone, although the state action commenced first, this Court is in a position to resolve the matter quickly. The state court has yet to render a decision on the matter despite taking the issue under advisement in an all too busy state court. It is appropriate here to exercise jurisdiction over the petition, despite the pending state litigation.

The parties must submit to arbitration. The arbitration clause in the Agreement is very broad, covering any controversies arising from the Agreement or its breach. Disputes over whether Interstate fulfilled its obligations and over the amounts it claims Glacier owes it plainly fall within the language of the Agreement. While Glacier spends a significant portion of its brief arguing the claims are not subject to arbitration, this argument is unpersuasive. Glacier myopically looks at the potential damages, and not the facts giving rise to the claim or whether those facts "aris[e] out of or relat[e] to this Subcontract, or the breach thereof." Agreement § 3.4 at 5 (dkt #1-1). The clause in the Agreement regarding consequential damages refers not to what claims are subject to arbitration, but only the types of damages available. If a party could remove a matter from arbitration simply by changing the types of damages it claimed, the arbitration clause would be meaningless. Interstate and Glacier must submit their

11

dispute to arbitration.

## IV. Conclusion

IT IS HEREBY ORDERED that Glacier's motion to dismiss (dkt #11) is

DENIED.

IT IS FURTHER ORDERED that Interstate's petition to compel arbitration

(dkt# 1) is GRANTED.  Interstate and Glacier shall submit to arbitration.

IT IS FURTHER ORDERED that the state court action DV 09-1198A in the

Montana Eleventh District Court, Flathead County, is STAYED as to Interstate

and Glacier pending arbitration of their disputes.

DATED this __12__ day of May, 2010.

_14:03 p._

Donald W. Molloy, District Judge
United States District Court